UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CECELIA PRYCE suing individually on her own behalf and representatively on behalf of a class of plaintiffs similarly situated,

    Plaintiff,

-against-

PROGRESSIVE CORPORATION; PROGRESSIVE CASUALTY INSURANCE COMPANY; and PROGRESSIVE DIRECT INSURANCE COMPANY

    Defendants.

CLASS ACTION

No. 1:19cv1467-(RJD)(RER)

---

## PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY PENDING APPEAL OF CLASS CERTIFICATION ORDER

Plaintiff opposes Defendant Progressive's Motion to Stay Discovery Pending Appeal of Class Certification Order (the "Motion" or "Mot.").

### INTRODUCTION

Progressive establishes *none* of the four factors required to stay discovery pending disposition of their Rule 23(f) Petition and potential appeal. *See, De Lacour v. Cogate Palmolive Co.*, No. 16-cv-8364, 2021 WL 3542295, 2021 Dist. LEXIS 150041 (S.D.N.Y. Aug. 10, 2021) (denying defendants' stay motion during pendency of Rule 23(f) petition for failing to satisfy the four-factors).

*First*, Progressive has not established it is likely to succeed on the merits. In separate, clear, and decisive analyses, both Magistrate Judge Reyes and Judge Dearie of this Court correctly applied prevailing Supreme Court and Second Circuit precedent to the well-developed

record. Progressive's contrary arguments are hollow attempts to re-argue its no loss, no standing arguments which this Court already summarily rejected.

*Second*, Progressive has not established, and cannot establish, irreparable harm. Merely claiming "pressure to settle a massive class action" and alluding to the "time and money" associated with a manual review process is inadequate – particularly where, as here, any burden on Defendants is overstated and is largely the result of "Progressive's apparent practice of not tracking the exhaustion of PIP coverage."[1]

*Third*, Plaintiff will be prejudiced by a stay. This litigation is already over three years old and any delay will be inherently prejudicial to Plaintiff, especially here where Progressive concedes this is a "massive class action" and that discovery involves a "complicated manual review process for thousands of potential claims, including information from third parties." Clearly, a delay risks the ability to obtain testimony and documents from these "third parties" as well as their ability to recollect crucial factual information, not to mention the potential accidental loss by Progressive of some of the "thousands" of physical files necessary for the manual review process itself.

*Finally*, there is no public interest in delaying this case further. While judicial efficiency is certainly a public benefit, so too is the timely resolution of litigation.

**ARGUMENT**

**A.     Progressive Bears a Heavy Burden of Showing a Stay Is Warranted.**

While Rule 23(f) permits parties to seek an interlocutory appeal of a class certification decision, a Rule 23(f) petition does not stay proceedings in the district court absent a court

---

[1] Judge Dearie's opinion, at page 9.

order. Fed. R. Civ. P. 23(f). A party seeking a stay bears a "heavy" burden, *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985), and must establish that a stay is warranted. *Sutherland v. Ernst & Young LLP*, 856 F.Supp.2d 638, 640, 41 (S.D.N.Y. 2012).

In determining whether to grant a stay based on a pending petition for mandamus, the following four factor test applies: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *McNamee v. Clemens*, 2014 WL 1682025, at *1 (E.D.N.Y. Apr. 28, 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The first two factors are the most critical. *Nken*, 556 U.S. at 434; *Employers Ins. of Wausau v. News Corp.*, 2008 WL 4560687, at *1 (S.D.N.Y. Oct. 6, 2008) ("Because plaintiffs have made no showing that their mandamus petition has a likely chance of success, I deny the motion to stay the order").

Stays pending resolution of a Rule 23(f) petition are rarely granted because they would undermine the very purpose of Rule 23(f), which is to permit interlocutory appeals only in exceptional class certification cases without disrupting the litigation below. *Fleischman v. Albany Med. Ctr.*, 639 F.3d 28, 31 (2d Cir. 2011) (Rule 23(f) was written "so as to avoid disruption and delay to the proceedings below."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000) ("[I]n most cases discovery . . . will continue notwithstanding the pendency of an appeal of the class certification order."). "[P]arties should not view Rule 23(f) as a vehicle to delay proceedings in the district court." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001).

### B. Progressive Cannot Establish the Elements Supporting a Stay.

#### 1. Progressive Cannot Show a Probability of Success on the Merits of its Rule 23(f) Petition, Nor Any Successive Appeal.

Progressive faces the "doubly daunting" task of demonstrating they have a probability of success on two separate and independent inquiries: first, on the Rule 23(f) petition, and second, on the merits of the appeal. *St. Charles Hosp. & Rehab. Ctr. v. MylanLabs,* 208 F.3d 1, 4 (D.C. Dist. Ct. 2002). Progressive falls short of this charge as they fail to show a probability of success at either stage.

The Second Circuit has identified only two circumstances warranting an interlocutory appeal under Rule 23(f):

> either (1) that the certification order will effectively terminate the litigation ***and*** there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal question about which there is a ***compelling*** need for immediate resolution.[2]

Progressive makes no claim that the certification order presents a compelling legal question or that class certification will effectively terminate the litigation. Progressive's sole argument in support of its likelihood of success on appeal contention is its "no injury, no standing" argument.

Despite conceding it prematurely exhausted available No-Fault coverage for Plaintiff, and every class member, Progressive's application for a stay first argues that the denial of available coverage to Plaintiff and the class does not constitute "actual or pecuniary harm." However, not only did both the Class Certification Order and the Report and Recommendation find the premature exhaustion of coverage was an actual injury, but this decision is also

---

[2] *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 76 (2d Cir. 2004), citing *In re Sumitomo Copper Litigation*, 262 F.3d 134, 139 (2d Cir. 2001). Emphasis added.

consistent with district court holdings in this Circuit and others. *See*, *McFarlane v. First Unum Life Ins. Co.*, 274 F. Supp. 3d 150, 163-164 (S.D.N.Y 2017) (allegation of termination of benefits sufficient allegation of injury in fact); *Bryant v. Wal-Mart Store, Inc.*, No. 16-cv-24818, 2019 WL 3542827, 2019 U.S.Dist. LEXIS 102959, at *9 (S.D. Fl. Apr. 18, 2019) (temporary loss of insurance coverage constitutes actual harm); *Michael v. LaJolla Learning Inst., Inc.*, No. 17-cv-934, 2019 WL 4747658, 2019 U.S. Dist. LEXIS 169369, at *9-10 (S.D. Cal. Sept. 30, 2019) (same).

Thus, without even reaching this Court's findings that Plaintiff suffered loss from having used vacation days to cover her further wage loss, and her payment for physical therapy and rehabilitation, it is clear that Progressive cannot show the probability that it will succeed on the merits of its appeal and has fallen even further short of showing the "likelihood of error on the part of the district court [necessary to] tip[] the balance of hardships in favor of []the stay." *Sumitomo Copper Litig., supra*, 262 F.3d at 140. Accordingly, because a stay is a "'drastic and extraordinary remedy reserved for really extraordinary causes,'" a stay is not warranted as Progressive has failed to meet its burden of showing "'exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion.'" *In Re City of New York*, 607 F.3d 923, 943 (2d Cir. 2010) *quoting Cheney v. U.S.. Dist, Ct, for D.C.* 542 U.S. 367, 380 (2004).

### 2. Progressive Cannot Show Irreparable Injury

Next, Progressive claims it will suffer irreparable injury without the stay as it will be forced to spend significant time and resources engaging in litigation and will face "pressure to settle a massive class action" without the stay.

5

However, according to the Supreme Court: "Mere litigation expense, even substantial and un-recoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 24 (1974); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51—52, 58 S.Ct. 459, 464, 82 L.Ed. 638 (1938); *see also, New York v. United State DOC*, 339 F. Supp. 3d 144, (S.D.N.Y. 2018) (burdensome or expensive discovery alone is not enough to show irreparable injury).

Likewise, Progressive's claim that it will be coerced to settle without the stay, is also not enough to warrant a stay because Progressive's argument fall far short of showing that this Court's decision to grant certification, specifically as to "injury/standing," is questionable. *Sumitomo Copper Litig., supra*, 262 F.3d at 140 (death knell review is not warranted without a substantial showing that the district court's decision was questionable).

### 3. Plaintiff will be Prejudiced by a Stay

After first arguing that a stay is warranted because this is a "massive class action" with discovery that involves a "complicated manual review process for thousands of potential claims, and will rely on information from third parties," Progressive now argues that a stay will not harm Plaintiff because this is not the type of case where "witness memories may fade" or where "ephemeral evidence will be lost." Progressive cannot have it both ways. Clearly, a delay will test the memory of these third parties as well as their retention of documents that Progressive argues is necessary for these claims. With "thousands of potential claims" and in some cases, claims occurring as far back as 2013, a stay not only prejudices Plaintiff, it would overwhelmingly benefit Progressive. *See, e.g., In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.C. Cir. 2012) ("Plaintiffs also point out that the factual record will grow weaker with age and that some witnesses may become unavailable.").

6

Likewise, although Progressive identifies a handful of unique cases where a stay of discovery was granted while a Rule 23(f) petition was pending[3] to wildly conclude that the granting of a stay is routine, stays are not only rare in this Circuit, they are regularly denied in routine cases where, as here, there is little likelihood of success on the merits of the appeal. *See, De Lacour, supra; Chen-Oster v. Goldman, Sachs & Co.,* No. 10-cv-6950, 2018 WL 10038786, 2018 U.S. Dist. LEXIS 231060 (S.D.N.Y. April 17, 2018); *Strouge v. Barvlays, P.C.*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016); *Kaye v. Amicus Mediation & Arbitration Group, Inc.*, No. 13-cv-347, 2014 WL 5092876, 2014 U.S. Dist. LEXIS 144292 (D. Conn. Oct. 10, 2014); *Morris v. Alle Processing Corp.*, No. 08-cv-4874, 2013 WL 6199579, 2013 U.S. Dist. LEXIS 169100 (E.D.N.Y. Nov. 27, 2013).

### 4. Public Interest is not Served by Further Delay

Fourth and finally, Progressive's "public interest" argument ignores that "the public interest favors a speedy trial and resolution of this matter." *In re Elec. Books Antitrust Litig.*,

---

[3] Progressive's authority for the "routine" nature of a stay is disingenuous as each case relied on by Progressive is anything but routine. A majority of Progressive's authority involves cases where, unlike here, class certification was denied and the plaintiff sought a stay of discovery to avoid going forward with discovery on only the individual claims. *See, e.g.*, *Harrell v. The City Of New York*, No. 1:14-cv-7246 (S.D.N.Y. June 14, 2018) (Plaintiff, whose motion for class certification was denied, moved to stay proceedings); *Winfield v. Citibank*, No. 2:10-cv-7304 (S.D.N.Y. Aug. 18, 2015) (same); *Adkins v. Morgan Stanley*, No. 1:12-cv-7667 (S.D.N.Y. July 10, 2015) (same); *Kaye v. Merck & Co.*, No. 3:10-cv-1546 (D. Conn. June 21, 2019) (same). One involved a complex pharmaceutical class action with thousands of cases pending in which the Court recognized the law was in a state of flux and where an interlocutory appeal on summary judgment had already been granted. *In re Zyprexa Prods. Liab. Litig.*, 253 F.R.D. 69, 208 (E.D.N.Y. 2008). The last involved the specific issue of the forcible administration of medicine on individuals with mental disabilities in which plaintiff's counsel was granted access to HHC facilities to offer legal services to patients, a decision which the Court stayed pending appeal. *Monaco v. Carpinello*, No. CV-98-3386 (CPS), 2007 WL 1174900, 2007 U.S. Dist. LEXIS 28990, at *11 n.4 (E.D.N.Y. Apr. 19, 2007).

Nos. 11 MD 2293(DLC), 12 Civ. 3394(DLC), 2014 WL 1641699, at *12 (S.D.N.Y. April 24, 2014); *see also Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784 (WHP), 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013) ("[A] stay would not be in the public interest. Defendants argue a stay would free up this Court's resources, but that is true of every case. And it would do so at the expense of delaying Plaintiffs' right to pursue this action.")

The public interest lies in the fair and expedient resolution of litigation. *See Leser v. U.S. Bank Nat. Ass'n*, 2014 WL 2154993, at *3 (E.D.N.Y. May 22, 2014); *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) ("The trial court must protect the public interest, as well as the interests of the parties, by encouraging the most fair and efficient resolution.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Progressive's Motion to Stay Pending Petition for Writ of Mandamus in its entirety.

Respectfully submitted:

/s/ Kevin P. Fitzpatrick

MARSCHHAUSEN & FITZPATRICK, P.C.
Kevin P. Fitzpatrick, Esq.
Dirk Marschhausen, Esq.
kfitzpatrick@marschfitz.com
73 Heitz Place
Hicksville, New York 11801
(516) 747-8000

SACKS WESTON LLC
John K. Weston, Esq.
jweston@sackslaw.com
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
Phone: (215) 925-8200

***Counsel for Plaintiff
and the Proposed Class***